## SHAPLEY OWEN v. ALEXANDER BOYD et al.

Where the matter in dispute, at the institution of the suit, does not exceed three hundred
dollars, the case is not appealable to the Supreme Court, although the plaintiff may pray
for interest from judicial demand.

APPEAL from the District Court of Carroll, *J. N. T. Richardson*, J.
*A. B. Caldwell*, for plaintiff. *Louis Selby*, for defendant. The judg-
ment of the court was pronounced by

SLIDELL, J. The petition prays judgment against defendant and appellant,
*Hood*, for three hundred dollars, and interest from judicial demand. There
was judgment against *Hood*, as prayed for, and he has appealed. The motion to
dismisss, must prevail. The matter in dispute, at the institution of the suit, did
not exceed three hundred dollars. The case is not distinguishable from *Mason v.
Oglesby*, 2d Ann. 793. See also, the cases there cited, and Constitution, art. 63.

It is therefore decreed, that the appeal be dismissed at the cost of the appel-
lant.

## THE STATE v. WILLIAM FEATHERSTON.

The Supreme Court has appellate jurisdiction in criminal cases, only where the punishment
of death or hard labor in the penitentiary may be inflicted.

APPEAL from the District Court of Madison, *J. N. T. Richardson*, J.
*Isaac Johnson*, Attorney General for the State, contended : The State
has appealed from a judgment of the district court, quashing an information filed
by the district attorney against the defendant, for neglect to perform the duties
imposed on him as a road overseer, in the parish of Madison.

A road overseer for neglect of duty, may be fined in a sum not exceeding one
hundred dollars. Acts 9, 1818. Bullard and Curry, p. 740, sec. 11.

By the 63d article of the State Constitution, the Supreme Court has appellate
jurisdiction in criminal cases on questions of law alone, whenever the punishment
of death or hard labor may be inflicted, or when a fine exceeding three hundred
dollars is actually imposed. I think, therefore, that the State is not entitled to this
appeal.

*A. Snyder*, for the defendant.

The judgment of the court was pronounced by

PRESTON, J. The defendant having been appointed an overseer of roads in
the parish of Madison, was prosecuted for neglect to perform, in that capacity,
the duties imposed upon him by law. The district court, on the motion of his
counsel, quashed the information, and the State has appealed.

The Constitution gives this court appellate jurisdiction " in criminal cases, on
questions of law alone, whenever the punishment of death or hard labor may be
inflicted, or when a fine exceeding three hundred dollars is actually imposed."

No fine at all has been imposed in the present case, and no law imposes the
punishment of death or hard labor for the offence, for which the accused is pro-
secuted.

This court is, therefore, without jurisdiction of the case, and the appeal is
dismissed.