her minor children, and for which she would clearly be still liable to them. This last consideration alone seems to demonstrate the inadmissibility of this claim at this time, and in this form. When the minors shall have attained the age of majority, or shall be emancipated by marriage, or when the tutrix shall be from any other cause compelled to account, or when a judgment shall have been obtained against her, or against her succession, in default of an account; and the 'claims of her children against her shall have been liquidated, and the balance in their favor ascertained, the recourse of the children will be, first, against the property then in possession of their mother and tutrix; and it may be that she will then have property sufficient to satisfy their claims. But if not, then the minors will have their recourse against the third possessors of property alienated by their mother since the date of her appointment as tutrix; the right of discussion being reserved by law to those third possessors, as against the tutrix, (C. C. 3366, C. P. 715,) a right which seems entirely irreconcilable with the pretensions now set up by that tutrix to make a third possessor relieve her of an anticipated responsibility.

We understand the argument of the appellant, *Samuel Stewart*, in this court, as conceding the right of priority of the appellees, *Aitkins*, *Moodie*, *Dorand*, *Bragg* and *Pike*, for the amounts allowed them respectively, by the judgment appealed from.

It is, therefore, adjudged and decreed, that the judgment of the District Court, as to the appellee, *Mary Stewart*, tutrix, be reversed; that the third opposition of the said *Mary Stewart* herein be dismissed without prejudice to the rights of the minors, if any they have, in the premises, to be exercised at the proper time; that as to the appellees, *Aitkens*, *Moodie*, *Dorand*, *Bragg* and *Pike*, the judgment be affirmed; that the costs of the opposition of *Mrs. Mary Stewart*, tutrix, in the District Court, be paid by the said *Mrs. Stewart;* and that the costs of appeal be paid, one-half by *Mrs. Stewart*, and one-half by the appellant, *Samuel Stewart.*

MᶜHᵁᴳᴴ
*v.*
Sᴛᴇᴡᴀʀᴛ.

---

THE STATE *v.* LᴇBʟᴏɴᴅ et al.

The Supreme Court is without jurisdiction when an indictment is quashed *in limine*, and consequently no fine has been actually imposed, and the offence charged is not punishable with death or imprisonment at hard labor.

APPEAL from the District Court of the parish of St. James, *Duffel*, J.
*S. M. Berault*, for defendant.

Sᴘᴏꜰꜰᴏʀᴅ, J. This appeal was taken by the District Attorney, on behalf of the State, from a judgment quashing an indictment against the defendants for the offence of selling spirituous liquors to a slave without the consent in writing of the owner, overseer or employer of the said slave.

No fine was actually imposed, as the indictment was quashed *in limine;* and the offence charged has never been punishable with death or imprisonment at hard labor.

We are without jurisdiction in the case. Constitution, Art. 62.

Appeal dismissed.