(38 South. 586.)

No. 15,361.

## MUNTZ v. JEFFERSON RY. CO.*

(April 24, 1905.)

### APPEAL—JURISDICTION—DISMISSAL.

1. Where, in a case which is appealable to this court, no appeal is taken, this court has no jurisdiction of an appeal from a judgment, subsequently rendered, in an injunction proceeding, on a question of costs incurred in such case in the district court, unless the amount involved exceeds $2,000, exclusive of interest.

2. When an appeal is dismissed by the Court of Appeal for want of jurisdiction, and the appellant, allowing the judgment of dismissal to become final without applying to this court for relief, brings the case here by appeal from the district court, and this court finds that it is without jurisdiction, the case will not be transferred to the Court of Appeal, but the appeal will be dismissed.

(Syllabus by the Court.)

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; Jerome Louis Gaudet, Judge.

Action by George Muntz against the Jefferson Railway Company. Judgment for defendant, and plaintiff appeals. Dismissed.

W. J. & P. F. Hennessey, for appellant. Alfred E. Billings and Dinkelspiel & Hart, for appellee.

### Statement.

MONROE, J. Plaintiff having sued for $15,000, there was a trial in the district court, and judgment rejecting his demand and condemning him to pay costs, and he allowed the delay to expire without perfecting an appeal. Defendant thereupon issued execution for its costs (amounting to less

---

*Rehearing denied May 22, 1905.

than $250), and made a seizure, which plaintiff enjoined on the ground that the charges were illegal, excessive, etc. After hearing, the injunction was dissolved, and the proceeding dismissed, with statutory damages and attorney's fees. From the judgment so rendered, plaintiff appealed to the Court of Appeal, which tribunal dismissed the appeal for supposed want of jurisdiction, and plaintiff then took the present devolutive appeal to this court.

### Opinion.

In the appeal here presented the matter in dispute exceeds $100 and is less than $2,000, and there is no question involved of the interpretation or execution of any judgment rendered or to be rendered by this court, which is therefore without jurisdiction ratione materiæ. Const. art. 85; Freie v. Luben, 107 La. 79, 31 South. 634. Under these circumstances the case might be transferred to the Court of Appeal, agreeably to the provisions of Act No. 56 of 1904, were it not for the fact that it has been there already, and that court, in a judgment which has long since become final, has decided that it was without jurisdiction. The judgment so rendered was subject to review in the manner provided by article 101 of the Constitution, but the time within which an application to that effect might have been made has elapsed, and for this court now to transfer the case to the Court of Appeal would be to direct that court to assume jurisdiction in a matter in which it has decided that it has no jurisdiction, and to originate a method of reviewing and annulling judgments of that court for which there is no authority. The predicament of the plaintiff is unfortunate, and we regret our inability to afford relief, but we can exercise no other power than that conferred by law.

It is therefore ordered, adjudged, and decreed that the appeal herein be dismissed, at the cost of the appellant.