Statement.
MONROE, J.
The state brings suit, under Act 105 of 1888, to recover a fine of $960, to which it alleges the defendant has subjected itself by reason of its refusal to transport, at a reduced rate, a company of state troops (which had been attending the inauguration of the Governor) from the state capital to its home, in St. Erancisville. The defendant filed an exception to jurisdiction, which was not insisted on, and answered, denying that the act relied on contemplates reduced rates under the circumstances, and alleging that, if it be otherwise, then that said act is in contravention of article 2 of the Constitution of this state, and of the fourteenth amendment to the Constitution of the United States. At the instance of the plaintiff, the case was tried by a jury, before whom it was shown that the troops had been ordered by the retiring Governor to attend the inauguration of his successor, and that, in returning home, they had been charged the usual rate on defendant’s road, and had been refused the reduction to one cent per mile demanded by the officer in charge, who exhibited the orders under which they were moving. It was also shown that there were 48 men in the party, that 3 of them were not members of the company, and that, whilst the terms of enlistment of 6 others had expired, they had not been discharged.
The jury brought in a general verdict for defendant, which was made the judgment of the court. The plaintiff appealed to the Court of Appeal, where the defendant moved to dismiss on the ground that the appeal had been taken from a judgment declaring a law of this state to be unconstitutional and should have been returned to this court. Upon the same day the district attorney, for the plaintiff, filed in the Court of Appeal a *192 motion setting forth that he understood that a motion to dismiss had been, or would be, filed, and praying that it be not allowed, but that the cause be transferred to the Supreme Court and the appeal proceeded with as though originally so returned. The Court of Appeal, having heard argument on these motions, ordered the cause to be transferred to this court; “it appearing [so reads the order] that the circuit court has no jurisdiction, on account of the constitutionality of the statute [Act 105 of 1888] being involved, and being the main point to be decided.”
Opinion.
The transcript contains no ehargé to the jury and no bill of exception. The verdict reads, “We, the jury, find in favor of the defendant,” and the judgment conforms to the verdict. Whether the verdict and judgment were based on the ground that the case is not covered by the law, or on the ground that the law is unconstitutional, it is impossible to say; and whether the latter question was properly submitted to the jury it is unnecessary to decide. Where the appellate jurisdiction of this court is invoked for the determination of the question here presented, it must appear that the question has been raised in the pleadings, and that (quoting the language of the Constitution) “a law of this state has been declared unconstitutional.” The transcript before us meets the first of these requirements, but does not meet the second. We cannot discover from it that any law of this state has been declared unconstitutional, or that such ruling was necessary to the judgment as rendered. It follows that this court has no jurisdiction of the case, as presented.
The Court of Appeal, it seems, was of a different opinion, and decided that it was-without jurisdiction, and that the cause should be transferred to this court.
Article 101 of the Constitution provides a method by which the judgments of the Courts, of Appeal may be reviewed. Whether that method was open to the plaintiff in this case, at whose instance the judgment mentioned was rendered, it is needless to inquire, since it does not follow that a litigant who cuts himself off from a remedy which the law provides can call upon this court to originate a remedy for which the law makes no provision.
In Muntz v. Jefferson Ry. Co., 114 La. 860, 38 South. 586, it appeared that the appeal had been taken to the Court of Appeal, and there dismissed for supposed want of jurisdiction; that an appeal was then taken (from the district court) to this court; that this court found that it had no jurisdiction, but that the jurisdiction properly belonged to the Court of Appeal; and, the question being presented whether the appeal should be transferred to the Court of Appeal- or dismissed, it .was said (referring to the judgment of the Court of Appeal declining jurisdiction and dismissing the appeal which had been taken to it):
“The judgment so rendered was subject to review in the manner provided by article 101 of the Constitution, but the time within which an application to that effect might have been made has elapsed, and for this court now to transfer the case to the Court of Appeal would be to direct that court to assume jurisdiction in a matter in which it had decided that it has no jurisdiction, and to originate a method of reviewing the judgment of the court for which there is no authority.”
The language so used is applicable here. The court therefore, of its own motion, declines to assume jurisdiction of this ease, and directs that it be stricken from the docket.