LAND, J.
The accused was indicted for permitting the sale for consumption in his drinking saloon of intoxicating liquors to “whites and negroes,” on August 20, 1910, contrary to the form of the statute in such case made and provided.
The accused objected to all evidence in behalf of the prosecution on the following grounds, to wit:
“It is stated by the district attorney that this indictment and prosecution is brought under and made subject to sections 6 and 7 of Act No. 176 of 1908, and that the language used in the indictment was drawn under those sections. ’
“That no such law as sections 6 and 7 as now worded, and under which the indictment in this case is worded, is now in existence.
“That, did they exist, they are null and void, for the reason that they fail to define or set forth what a negro is, and are therefore unconstitutional.
“That the indictment itself being worded under sections 6 and 7 of Act No. 176 of 1908 as originally enacted, * * * there is no crime charged, and no evidence in proof of a crime which is not charged can be introduced.”
The court reserved its ruling and heard the evidence. Before the court passed on the objections, the accused filed a motion in arrest (so called), setting forth, in substance, the same objections, and specifically pleading thát Act No. 176 of 1908 had been repealed by Act No. 21 of 1910, and was unconstitutional for the reasons set forth in State v. Treadaway, 120 La. 300, 52 South. 500, and for the further reasons that Acts No. 176 of 1908 and No. 21 of 1910 abridged the privileges and immunities of citizens of the United States and of the state of Louisiana, deprived them of their liberty without due process of law, denied them the equal protection of the laws, discriminated between persons of the same race or color, and did not define the term “negro,” “black,” “person • of color,” “Caucasian,” or “white.”
Judgment was rendered sustaining the motion in arrest, and ordering the accused discharged without day.
The state has appealed, and the accused has moved to dismiss the appeal on the ground that this court has no appellate jurisdiction in the premises.
In cases of misdemeanor the Supreme Court has no jurisdiction, unless a fine exceeding 8300, or imprisonment exceeding six months, is actually imposed, or some municipal ordinance, or law of the state, has been declared unconstitutional. Const. 1898, art. 85. As the accused has not been sentenced, there is no jurisdiction in this court, unless the judgment below is based on the alleged unconstitutionality of one or both of the laws in question.
*1036 We have carefully read the reasons assigned by our learned Brother below for sustaining the motion.
His conclusion does not rest on the proposition that Act No. 176 of 1908 violates any article of the Constitution, but that the failure of the lawmaker to define the term “negro” rendered sections 6 and 7 of the act inoperative. A law may be inoperative from the vagueness and uncertainty of its terms, and at the same time not violate any provision of the organic law.
Finding that no law of this state has been declared unconstitutional, we are constrained to dismiss this appeal; and it is so ordered.