(56 South. 887.)

No. 18,567.

CHASE v. MENEFEE CYPRESS CO.,
Limited.

(Dec. 11, 1911.)

*(Syllabus by Editorial Staff.)*

1. COURTS (§ 224*)—APPELLATE JURISDICTION —AMOUNT IN CONTROVERSY.

When, in a jactitation suit, the defendant sets up title, the reconventional demand, so called, becomes the main suit, within Const. art. 95, providing that an appeal lies to the court having jurisdiction of the main demand, and in such case plaintiff becomes the defendant.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 617; Dec. Dig. § 224.*]

2. COURTS (§ 224*)—APPELLATE JURISDICTION —AMOUNT IN CONTROVERSY.

In a jactitation suit, where plaintiff demands $1,623, the price of removed timber, and $500 damages resulting to plaintiff from his being interfered with and prevented from collecting his stumpage and carrying on the operation of the lands, the demand for $500 damages must be looked upon as purely fictitious in determining the jurisdiction of an appeal, since the $1,623 represents the entire amount plaintiff would have realized from stumpage and operation of the land, so that any amount above that is claimed by way of double payment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 617; Dec. Dig. § 224.*]

3. COURTS (§ 224*)—APPELLATE JURISDICTION —AMOUNT IN CONTROVERSY.

Under Const. art. 95, providing that an appeal lies to the court having jurisdiction of the main demand, the reconventional demand cannot be added to plaintiff's demand for testing the jurisdiction, though in a jactitation suit the reconventional demand for the land becomes the main demand.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 617; Dec. Dig. § 224.*]

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Henry D. Smith, Judge ad hoc.

Action by Charles V. Chase against the Menefee Cypress Company, Limited. George and Justice Hanson were called in warranty. From a judgment for plaintiff, defendant appeals. Dismissed.

Chas. L. Wise, for appellant. Emmet Alpha, for appellee. Borah & Himel, for warrantor.

PROVOSTY, J. Certain persons to whom plaintiff had sold the privilege of removing whatever timber was left on the land in dispute were proceeding to do so, when the defendant company interfered, claiming to be owner of the property.

Thereupon an agreement was entered into by which the purchasers from plaintiff should be allowed to remove the timber, the price agreed upon between them and plaintiff to remain in escrow, to be paid to whichever of the parties should be found to be owner of the land in a suit to be brought by defendant. Defendant failing to bring the said suit, after all the timber had been removed from the land and the price deposited, plaintiff brought the present jactitation suit. The demand is for recognition of title, and for the price of the removed timber, amounting to $1,623.21, and for $100 for expenses incurred in preparing the suit, abstracts, etc., and for $150 attorney's fees, and for $500 damages, resulting to plaintiff from—

"his being interfered with and prevented from collecting his stumpage and carrying on the operation upon said lands."

Plaintiff had judgment for the $1,623.21, with interest and costs. The claims for damages were rejected. The trial judge, in his written reasons for judgment, after referring to the attorney's fees, says:

"No other element of damage was sought to be proven."

And that statement is fully justified, since the record is barren of any evidence in support of the other claims for damages.

Defendant appealed to the Court of Appeal. Plaintiff filed an answer to the appeal. In this answer plaintiff asked that the judgment be amended as to the attorney's fees, but did not ask that it be amended as to the

other claims for damages, thereby tacitly abandoning these other claims. The Court of Appeal, ex proprio motu, refused to entertain the appeal, as involving an amount in excess of its jurisdiction, and transferred the case to this court.

In this court, plaintiff and appellee moves to dismiss the appeal, on the ground that the amount in controversy falls below the jurisdiction of this court.

. No allegations are made either in the petition or in the answer touching the value of the land shorn of its timber. But the evidence shows that this value does not exceed $108.

[1] In support of this motion to dismiss, it is argued that the $500 claim for damages is purely fictitious, and therefore cannot serve as a basis for jurisdiction, and that the value of the land itself is not to be taken into account in testing the jurisdiction, because the demand for the land itself is contained only in the answer, or, in other words, is made only by defendant, and by way of reconvention, and, under article 95 of the Constitution, "the appeal lies to the court having jurisdiction of the main demand"—that is to say, regardless of what may be the amount involved in the reconventional demand.

According to this argument, though the property involved in a jactitation suit were worth $1,000,000, no court would have jurisdiction of the appeal if a less amount of damages than the lower limit of the jurisdiction of the Court of Appeal were being claimed by plaintiff. The proposition is manifestly unsound. When, in a jactitation suit, the defendant sets up title, the reconventional demand, so called, becomes the main suit, and plaintiff becomes a defendant.

[2] We agree with plaintiff, however, that the demand for $500 damages must be looked upon as purely fictitious, and that, therefore, this court has no jurisdiction. This demand is fictitious, since, manifestly, upon the facts of the case, plaintiff could not by any possibility have suffered said damages, or any part thereof, because the $1,623.21 represents the entire amount plaintiff would have realized from stumpage and operation of the land, if not interfered with by defendant. Any amount claimed by plaintiff over and above this $1,623.21 is, therefore, manifestly claimed by way of second or double payment.

[3] The reconventional demand cannot be added to plaintiff's demand for testing the jurisdiction, because, under the above-quoted constitutional provision, the reconventional demand and the main demand can never be cumulated for purposes of jurisdiction. In other words, when, in a jactitation suit, the reconventional demand becomes the main demand, the main demand ipso facto becomes the reconventional demand. In such a case the plaintiff and defendant and their respective demands simply change places; that is all.

We do not wish to be understood as implying that at this stage of our jurisprudence a claim for attorney's fees can serve as a basis for jurisdiction in a jactitation suit. State v. Railroad Co., 116 La. 189, 40 South. 630; Muntz v. Railroad Co., 114 La. 860, 38 South. 586.

We regret that we cannot send plaintiff's suit back to the Court of Appeal, but we are without power to do so.

Appeal dismissed.