LAND, J.
The accused were indicted for willfully and unlawfully cutting, removing, and converting to their own use timber from the land of another.
The accused moved to quash the indictment on the ground, among others, that Act 274 of 1910, under which the charge was made, had been repealed by Act 135 of 1912. The motion to quash was sustained by the judge a quo, and the state has appealed.
Motion to Dismiss.
The accused have moved to dismiss the appeal on the ground that the transcript was filed too late, and on the further ground that the Supreme Court is without jurisdiction ratione materise.
On November 12, 1912, the appeal was granted, “returnable according to law”; and on November 21, 1912, the judge a quo extended the return day for ten days; and the *380 transcript was filed in this court on November 2S, 1912.
[1] Counsel for the appellees are in error in supposing that under existing laws appeals in criminal cases must be returned within ten days. By Act No. 106 of 1908, appeals “in all cases, civil or criminal,” are returnable to the Supreme Court in not less than 15 nor more than 60 days. The judge should have fixed the return day when he granted the order of appeal. 1-Ie, however, subsequently fixed the return day within the limitation of 60 days.
[2] Act 274 of 1910, which provided the penalty of imprisonment in the penitentiary or otherwise, has been amended and re-enacted so as to substitute imprisonment in the parish jail. We have no appellate jurisdiction under the statute as thus amended, because the offense is not punishable by imprisonment at hard labor, and no fine or imprisonment in jail has been imposed. Const, art. 85.
Appeal dismissed.