SOMMERV1LLE, J.
The state appeals from a judgment quashing an indictment charging defendants with having cut and removed growing timber from lands belonging to another.
Defendants move to dismiss the appeal on two grounds:
[1] First. That the transcript was not filed on the return day, in accordance with law. The order of the trial judge granting the appeal of the state makes said appeal “returnable according to law.” The transcript *402 was filed within 60 days, and the appeal will not be dismissed on this first ground. The decision in Hays v. Mayer, 117 La. 1067, 42 South. 505, State v. Augustus, 129 La. 617, 56 South. 551, and State v. Majors, 131 La. 466, 59 South. 904, are decisive of this point.
[2, 3] Second. That this court is without appellate jurisdiction. Defendants were indicted under Act No. 274, p. 474, of 1910, wherein it is provided that persons convicted thereunder “shall be fined not less than one hundred dollars nor more than five hundred dollars, or be imprisoned in the penitentiary or otherwise for not more than two years, at the discretion of the court,” etc. But, before defendants were called for trial, Act No. 274 was amended and re-enacted, so as to make the penalty “not more than five hundred dollars, or be imprisoned for not more than two years, at the discretion of the court,” etc. As Act No. 274 of 1910 has been repealed by Act No. 135 of 1912, p. 173, to the extent of reducing the penalty from a term in the penitentiary to a term of imprisonment not in the penitentiary, this court is without jurisdiction.
“The Supreme Court * * * shall have appellate jurisdiction only, which jurisdiction shall extend * * * to criminal cases on questions of law alone, whenever the punishment of death, or imprisonment at hard labor may be inflicted” etc. State v. Kalone, 110 La. 360, 34 South. 475; State v. Normand, 110 La. 361, 34 South. 476.
It is therefore ordered, adjudged, and decreed that the appeal herein is dismissed.