LECHE, J.
In this case the accused, having been found guilty of setting fire to and burning an outhouse, moved for a new trial. After hearing, the motion was granted and the verdict set aside. The present appeal from the trial judge’s ruling was obtained by the state. No motion was made in this court to dismiss the appeal, and the case is submitted on brief by the defendant.
*77 We are therefore confronted with this situation: Has the state a right of appeal from such a ruling, and, if it has not, then may such an appeal be dismissed by the court ex proprio motu?
[1 ] The well-established rule, recognized by this court in the recent cases of State v. Carter et al., 120 La. 96, 44 South. 997, and State v. Jackson, 140 La. 680, 73 South. 770, is to the effect that no appeal lies in a criminal case, before final judgment. So that, even if it were conceded that a right of appeal could be exercised by the state in the same manner and to the same extent as it ■may be by the defendant, our answer to the first question is that, as the ruling of the trial judge does not finally dispose of the case, it is not appealable.
[2] The right of the state to appeal from a final judgment in favor of the accused has, from our earliest jurisprudence, been recognized as sanctioned by the Constitution only where a motion to quash the indictment or a motion in arrest of judgment has been sustained. We can find no precedent to the contrary, except perhaps the case of State v. Labry, 120 La. 435, 45 South. 382. In that case, the trial judge had erroneously so transcended his judicial authority that the court assumed under an appeal by the- state, a supervisory control which should more properly have been exercised by means of remedial writs, but it certainly is not authority for the present appeal.
The reason for this restriction upon the right of the state to appeal in criminal cases was dictated by the rule of the common law, incorporated in our own Constitution, providing that no person shall be twice put in jeopardy for life or liberty for the same offense.
Finding no law to sanction such an appeal as the present one, the issue here presented affects the judicial power of the court, and we are therefore of the opinion that it should be dismissed ex proprio motu, and
It is so ordered.