O’NIELL, C. J.
The state has appealed from a judgment sustaining a motion in arrest of judgment.
The defendant was convicted of having committed a misdemeanor by moving a mortgaged automobile from the parish where the mortgage was given and recorded, without the written consent of the mortgagee. The indictment was founded upon sections 5 and 8 of Act 198 of 1918, p. 372, which seem to make it a misdemeanor for a mortgagor to move the mortgaged property from the parish where the mortgage was given without the written consent of the mortgagee, designating the parish or parishes to which the property may be taken. Section 8 of the statute limits the penalty to a fine not exceeding $500, or imprisonment for a term not exceeding 12 months, or both the fine and imprisonment, at the discretion of the court.
This court has jurisdiction of all prosecutions for crimes for which the penalty of death or imprisonment at hard labor may be inflicted; but the court has not jurisdiction of a prosecution for a less serious crime or offense, unless a fine exceeding $300 or imprisonment for a term exceeding six months has been actually imposed. Const, art. 7, § 10, par. 7. The state cannot appeal from a judgment quashing an indictment for a misdemeanor, because the case is one in which no penalty has been actually imposed and in which the penalty of death or imprisonment at hard labor could not be imposed. State v. Featherston, 7 La. Ann. 109; State v. Le Blond, 12 La. Ann. 363; State v. Smith, 39 La. Ann. 231, 1 South. 452; State v. Smith, 39 La. Ann. 320,1 South. 867; State v. Blanchard, 45 La. Ann. 939, 12 South. 933; State v. Kalone, 110 La. 360, 34 South. 475; State v. Normand, 110 La. 361, 34 South. 476. The same rule applies to a judgment sustaining a motion in arrest of judgment. State v. Kramer, 127 La. 1033, 54 South. 341.
In his motion in arrest of judgment, the defendant contended, primarily, that the *549 allegations of the indictment were not sufficient to accuse him of the offense intended to be charged, or of any offense, and secondly, that sections 5 and 8 of Act 198 of 1918 were unconstitutional, for reasons which he specified. If the judge had pronounced the law unconstitutional, the state would have had the right to appeal, by a provision in the fifth paragraph of section 10 of article 7 of the Constitution. See State v. Kramer, supra. But in his written opinion the judge declared that he refrained from giving judgment on the question of constitutionality of the law. We must therefore dismiss this appeal on our own motion.
The appeal is dismissed.