LAND, J.
The defendant is prosecuted under Act 209 of 1914, an act to punish the giving of checks, drafts, or orders on any bank or other depository wherein the person so giving such check, draft, or order shall not have sufficient funds as a credit for the payment of the same.
Defendant demurred to the information filed herein on the ground that said information, as drawn in this case, does not set out or disclose any misdemeanor or offense known to the laws of the state of Louisiana.
This demurrer was maintained by the trial judge, and the indictment quashed. The state has appealed from this judgment.
The act in question declares that any violation of its provisions shall constitute a “misdemeanor,'’ and that any person convicted under said act “shall be fined not more than one thousand dollars or; imprisoned not more than one year, or both, at th'e discretion of the court.”
The appellate jurisdiction of the Supreme *1013 Court extends to criminal oases on questions of law alone, whenever the penalty of death or imprisonment at hard labor may be imposed; or where a fine exceeding $300, or imprisonment exceeding six months has been actually imposed. Const. 1921, art. 7, § 10.
[1] As the appeal in .this case has been prosecuted from a judgment rendered prior to sentence quashing the indictment, and as neither fine nor imprisonment has been imposed exceeding $300 or exceeding six months, this court is without jurisdiction of the appeal.
[2] It is only from judgments quashing indictments which charge capital offenses, or offenses whose penalty may be imprisonment at hard labor, that the state may prosecute appeals in criminal cases. State v. Kalone, 110 La. 360, 34 South. 475; State v. Normand, 110 La. 361, 34 South. 476; State v. Kramer, 127 La. 1033, 54 South. 341; State v. Phelps et al., 132 La. 399, 61 South. 415; State v. Thomas, 132 La. 378, 61 South, 408; State v. Sherman, 144 La. 76, 80 South. 205.
It is therefore ordered that the appeal in this case be dismissed.
Rehearing refused by the WHOLE COURT.