No. 2791

Second Circuit

———

STATE OF LOUISIANA EX REL. JOHN SCOTT v. RATCLIFF

———

(November 6, 1926. Opinion and Decree.)
(December 11, 1926. Rehearing Refused.)
ON APPLICATION TO DISMISS APPEAL.

*(Syllabus by the Editor.)*

———

1. **Louisiana Digest—Courts—Par. 164.**

An appeal to the Court of Appeal involving constitutionality of an act of the legislature will be transferred under Act 19, of 1912 to the Supreme Court which has exclusive appellate jurisdiction in such cases.

Appeal from the First Judicial District Court of Louisiana, parish of Caddo. Hon. T. F. Bell, Judge.

Action by State of Louisiana ex rel. John Scott against Clem C. Ratcliff.

There was judgment for defendant and plaintiff appealed.

Judgment transferred to the Supreme Court.

Herndon & Herndon, of Shreveport, attorneys for plaintiff, appellant.

Edward Barnett, of Shreveport, attorney for defendant, appellee.

ODOM, J.   The plaintiff, relator, owned two lots in the city of Shreveport.   On May 20, 1924, his said property was sold by the city tax collector of the city of Shreveport after due advertisment for the city taxes of the year 1923 to Clem C. Ratcliff, the defendant.   More than one and less than two years thereafter plaintiff tendered to defendant the amount of taxes, interest, costs and penalties and demanded that defendant accept said tender and execute a redemption deed, which tender and demand were refused by the tax purchaser.

Whereupon plaintiff, relator, brought mandamus proceedings against Ratcliff, the tax purchaser, asking that he be ordered to accept said tender and execute a redemption deed.

In answer, the tax purchaser admitted that he had purchased the lots at tax sale as alleged, and admitted the tender of the amount alleged and his refusal to execute the deed.

Defendant specifically alleged in his answer that section 15 of Act 158 of 1898, which gives the tax debtor a period of two years within which to redeem property sold for city taxes, is unconstitutional, null and void under Article 233 of the constitution of 1898, Article 233 of the constitution of 1913, and section 11 of Article X of the constitutional of 1921.

The case went to trial on the above issues and there was judgment reading as follows:

"It is ordered, adjudged and decreed that the alternative writ of mandamus herein issued be set aside and annulled, and that the relator's demands be rejected.

"It is further ordered, adjudged and decreed that there be judgment in favor of the respondent, plaintiff in reconvention, recognizing him to be the sole and only owner of the following described property, to-wit:

"Lots numbers thirty-two and thirty-three (32) and (33) of the Ratcliff subdivision of the city of Shreveport, Louisiana, as per map recorded on the conveyance records of the parish of Caddo, state of Louisiana, together with all the buildings and improvements thereon.

"It is further ordered, adjudged and decreed that the relator, John Scott, be enjoined and prohibited from claiming or setting up any right, title or interest in and to the said property, or any part or portion thereof."

Plaintiff applied for and was granted an appeal to this court.

Defendant, appellee, filed in this court a motion to dismiss the appeal on the ground that this court has no jurisdiction for the reason that a law was declared unconstitutional by the lower court and under section 10 of Article VII of the constitution of 1921 the Supreme Court and not this court has appellate jurisdiction.

Section 10 of Article VII of the constitution provides that the Supreme Court shall have appellate jurisdiction in all cases wherein—

"* * * a law of this state has been declared unconstitutional."

A reading of the judgment in this case will disclose that the lower court did not, in specific terms, declare section 15 of Act 158 of 1898 unconstitutional, but, in his motion to dismiss, the appellee alleges that the lower court in passing on the case did in fact hold and declare section 15 of said Act unconstitutional.

Relator, in his brief in opposition to the motion to dismiss, does not dispute the fact that the lower court did so hold.

We think it did so hold, for the reason above stated and for the further reason that such a holding was necessary in order for it to reach the conclusion which it did.

In the case of State vs. Yazoo & M. V. R. Co., 116 La. 189, (40 South. 630), the Supreme Court declined jurisdiction for the reason that it did not appear—

"* * * that the question (as to the constitutionality of the Act) has been raised in the pleadings, and that (quoting the language of the constitution) 'a law of this state has been declared unconstitutional'."

And the court said further—

"We cannot discover from it (that transcript) that any law of this state has been declared unconstitutional, or that such ruling was necessary to the judgment as rendered."

Relator's case is predicated upon the sole proposition, according to his pleadings, that he had two years in which to redeem his property. That right is given him under section 15 of Act 158 of 1898, which Act is the charter of the city of Shreveport.

The constitution provides that such redemption may be made only within one year.

The defendant specifically attacked in his pleadings the constitutionality of the Act under which plaintiff, relator, claimed the right to redeem.

Inasmuch as it is admitted that more than one year elapsed between the date of the execution and recordation of the tax deed and the date of the tender, the court had to hold, in order to reach the conclusion that it did, that section 15 of the Act referred to is unconstitutional; because the validity of the tax sale and all proceedings with reference thereto are not challenged.

It appearing, therefore, that the lower court did in fact hold that section 15 of the Act referred to is unconstitutional, our holding is that the Supreme Court and not this court has jurisdiction.

However, the appeal should not be dismissed. Under Act 19 of 1912 the case should be transferred to the Supreme Court.

It is therefore ordered that this case be transferred to the Supreme Court.