BRUNOT, J.
 

 The plaintiff was employed to purchase cotton for the account of defendant during the cotton season of 1918-1919, on a commission basis of 50 cents per'bale. On February 6, 1919, he purchased and shipped to defendant ten bales of cotton ;and drew a draft upon defendant for $1,000, the purchase price of the cotton. The draft was passed through the Evangeline Bank & Trust Company, and plaintiff obtained the sum of the draft from that bank. The cotton reached its destination and was received and receipted for by an employee of the defendant, but, on
 
 presentation,
 
 the defendant refused to pay the draft, and later the plaintiff reimbursed the Evangeline Bank
 
 &
 
 Trust Company the sum of the draft, together with exchange fees thereon, amounting to $1.50.
 

 This suit is for the amount of the draft and exchange fees. The plaintiff also claims the profits which he would have realized from the cotton, if defendant, instead of converting it to.its own use, had rejected the shipment. He approximates the profits at $700, and he estimates the earning power of the $1,001.50 which he was compelled to reimburse the Evangeline Bank & Trust Company at $100, and prays for judgment against the defendant for $2,001.50. There is an alternative demand for judgment for $1,001.50.
 

 The suit was met by an exception to the jurisdiction of the district court ratione personae, which was sustained, and plaintiff took an appeal from the judgment to the Court of Appeal, Second Circuit. Defendant moved to-'dismiss the appeal upon two- grounds, viz.: That the citation of appeal was defective, aniel ■that the solvency of. the surety on the appeal bond was not attested as required by Act No.
 
 *926
 
 112 of 1916. The Court, of Appeal, however, dismissed the appeal for want of jurisdiction and declined to transfer the case to the Supreme Court because of -the serious allegations of the motion to dismiss. Plaintiff then perfected ah appeal to this -court. The appeal was heard, the judgment sustaining the exception to the jurisdiction of the trial court was reversed, and the case remanded. The case was tried on the merits, and there was judgment rejecting plaintiff’s demands and dismissing his suit. There was also judgment -against the plaintiff and in favor of the defendant on its reconventional demand for $150.10, with interest thereon from January 23, 1926, and the plaintiff appealed.
 

 It is apparent that plaintiff’s demand is inflated. The earning power of money, in its last analysis, is the interest it will earn, and the appellate jurisdiction of this court is limited, in suits of the character of this one, to cases where the amount in dispute or the fund to be distributed, irrespective of the amount1 claimed, shall1 exceed $2,000, exclusive of interest. Therefore, if it be conceded that plaintiff is entitled to recover in addition to the sum of the draft and the exchange fee thereon, the1 estimated profits of which he claims he was deprived by the defendant’s conversion of' the ten bales of cotton to its own use, the sum of these, several items only totals $1,701.50, an amount within the appellate jurisdiction of the Court of Appeal. Our want of jurisdiction ratione materise is not formally, presented by motion to dismiss this appeal, but it is called to our- attention and is strenuously urged in defendant’s brief, and, relying upon the case of Muntz v. Jefferson Railway Co., 114 La. 860, 38 So. 586, defend; ant contends that we cannot now transfer the case to the Court of Appeal. The Muntz Case is distinctly in point, and we must either sustain defendant’s contention or overrule that case, the reasoning of which is sound and should be adhered to. Plaintiff had his opportunity to have the decision of the Court of Appeal reviewed. He did not exercise that right, and the judgment of that court has long since become final. After stating the facts of the Muntz Case the court said:
 

 “Under these circumstances the case might be transferred to the Court of Appeal, agreeably to the provisions of Act No. 56 of 1904, were it not for the fact that it has been there already, and that court, in a judgment which has long since become final, has decided that it was without jurisdiction. The judgment so rendered was subject to review in the manner provided by article 101 of the Constitution, but the time within which an application to that effect might have been made has elapsed, and for this court now to transfer the case to the Court of Appeal would be to direct that court to assume jurisdiction in a matter in which it has decided that it has no jurisdiction, and to originate a method of reviewing and annulling judgments of that court for which there is no authority. The predicament of the plaintiff is unfortunate, and we regret our inability to afford relief, but we can exercise no other power than that conferred by law.”
 

 For the reasons stated, this appeal is dismissed at appellant’s cost.
 

 O’NIELL, C. J., is of the opinion that this ease should be transferred to the Court of Appeal.