145 So. 773

## STATE v. JOHNSON.

No. 32126.

Jan. 3, 1933.

G. L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and David I. Garrett, Dist. Atty., of Monroe (James O'Niell, Asst. to Atty. Gen., of counsel), for the State.

Munholland & Munholland, of Monroe, for appellee.

O'NIELL, C. J.

The state has appealed from a judgment quashing an indictment against the de-

fendant for a misdemeanor. The penalty prescribed by the statute, for the offense charged, is a fine not exceeding $1,000 or imprisonment in the parish prison for a term not exceeding two years, or both the fine and imprisonment, in the discretion of the judge. The defendant, therefore, has moved to dismiss the appeal for want of jurisdiction. The motion is well founded. This court has not appellate jurisdiction in a criminal case unless it is one in which the penalty of death or imprisonment at hard labor (meaning in the state penitentiary) might have been imposed, or is one where a fine exceeding $300 or imprisonment for a term exceeding six months has been actually imposed. Const. 1921, art. 7, § 10. In this case the penalty of death or imprisonment at hard labor could not have been imposed, if the defendant had been convicted; and no fine or imprisonment at all was actually imposed. The state has no right of appeal from a judgment quashing an indictment or bill of information, or sustaining a motion in arrest of judgment, in a case where the statute, alleged to have been violated, does not prescribe the penalty of death or imprisonment at hard labor, unless the judgment complained of is founded upon a ruling—directly or in effect—that a statute or an ordinance is unconstitutional. State v. Featherston, 7 La. Ann. 109; State v. LeBlond, 12 La. Ann. 363; State v. Smith, 39 La. Ann. 320, 1 So. 867; State v. Blanchard, 45 La. Ann. 939, 12 So. 933; State v. Kalone, 110 La. 360, 34 So. 475; State v. Normand, 110 La. 361, 34 So. 476; State v. Kramer, 127 La. 1033, 54 So. 341; State v. Thomas, 132 La. 378, 61 So. 408; State v. Phelps, 132 La. 399, 61 So. 415; State v. Sherman, 144 La. 76, 80 So. 205; State v. Maddox, 154 La. 548,

97 So. 855, 858; State v. Harrison, 154 La. 1013, 98 So. 622; State v. Price, 164 La. 378, 113 So. 882.

In this case the defendant pleaded, in his motion to quash the indictment, that the statute which he was charged with violating was unconstitutional, for several reasons specified in his motion; but he pleaded also, in the alternative, that, if the statute was valid, the language of the indictment did not charge a violation of the statute. If the judge had ruled that the statute was unconstitutional, the state would have had the right to appeal, because this court has appellate jurisdiction in any case where a statute or an ordinance is adjudged unconstitutional. Const. 1921, art. 7, § 10. But the judgment rendered in this case was merely that the motion to quash was sustained. The record does not show whether the ruling was that the statute, on which the indictment was founded, was unconstitutional, or that the language of the indictment did not charge a violation of the statute. Hence it cannot be said that the state is appealing from a judgment declaring a statute unconstitutional.

The appeal is dismissed.