150 So. 842

STATE v. CLEMENT.

No. 32547.

Oct. 30, 1933.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., Frank W. Hawthorne, Dist. Atty., of Bastrop, and George W. Lester, Asst. Dist. Atty., of Monroe, and James O'Niell, Sp. Asst. to Atty. Gen., for the State.

Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

ST. PAUL, Justice.

The state charged that the defendant, while engaged in mining operations in which more than ten employees were employed, failed and refused to make a full payment as often as once every two weeks or twice each calendar month to an employee (one T. B. Carter) for services performed in said mining operation.

The defendant moved to quash the information on the grounds (1) that it does not set forth any offense against the laws of the state, and (2) that if the charge is based on Act No. 255 of 1918, then said act is unconstitutional.

The trial judge sustained the motion to quash but did not state the ground on which he did so.

The state appealed and the defendant moves to dismiss the appeal for want of jurisdiction in this court.

The motion to dismiss must prevail. The offense charged, if any, is only a misdemeanor, and the state cannot appeal from a judgment quashing an indictment or information where the statute does not prescribe the death penalty or imprisonment at hard labor, unless the judgment is founded on a ruling that the statute is unconstitutional. Constitution 1921, art. 7, § 10; State v. Harrison, 154 La. 1011, 98 So. 622. And, where the jurisdiction of this court is dependent solely on the claim that a law has been declared unconstitutional, it must affirmatively and clearly appear that the judgment of the lower court was based wholly on the unconstitutionality of the law. "Where the judgment appealed from may have been predicated, either upon the ground that the case presented was not within the law relied on, or upon the ground that such law is unconstitutional, it will not be assumed, for the purposes of the jurisdiction on appeal, that the latter was the ground adopted." State v. Yazoo & M. V. R. Co., 116 La. 189, 40 So. 630.

Hence a judgment quashing an indictment or information is not appealable by the state as involving the constitutional question where a motion to quash relies both on the unconstitutionality of the statute and on the insufficiency of the indictment or information in other respects, and it does not affirmatively and clearly appear that the sole ground on which the indictment or information was quashed was the alleged unconstitutionality of the statute. State v. Johnson, 176 La. 371, 145 So. 773.

For the reasons assigned the appeal is dismissed.