## STATE v. GINTHER

(No. 2039; March 28, 1938; 77 Pac. (2d) 803)

For the appellant, there were briefs by *Ray E. Lee,*
Attorney General; *Thos. F. Shea,* Deputy Attorney

18

General; *Wm. C. Snow,* Assistant Attorney General, of Cheyenne, and *Glenn Parker* of Laramie, and oral arguments by *Messrs. Shea* and *Parker.*

20

For the respondent, there were briefs and an oral argument by *F. E. Anderson* of Laramie.

RINER, Justice.

Phil L. Ginther was charged under the first count in an information filed by the county and prosecuting

attorney of Albany County with the theft of a cow, and in the second count, with receiving the animal knowing it to have been stolen. No value of the property taken was alleged in either count of the information. Ginther entered a plea of "not guilty" and the case proceeded to trial. April 7, 1937, the jury found him guilty on both counts. April 9th following, his counsel filed a motion in arrest of judgment, on the ground that the facts stated in either count of the information did not constitute an offense. The defendant's motion aforesaid was sustained by an order of the trial court, Ginther was ordered to give bail, as provided in Section 33-1039, W. R. S., 1931, and the State was allowed an exception to this ruling. The State now seeks the reversal of this order by the direct appeal method of review proceedings. The cause was duly heard upon briefs and arguments submitted, but this court, upon examination of the record, suggested the question of the State's right to institute a proceeding of this character, and accordingly requested that briefs be submitted upon this additional point which was neither originally considered, briefed nor argued by the parties. That has been done and the cause is now for disposition.

It seems generally held under the common law as administered in this country that the State may not bring a writ of error or take an appeal or have exceptions in a criminal case, unless the right thereto has been expressly granted by statute, though there are some decisions which appear to hold that without statutory authority the prosecution may obtain a review of judgments favorable to the defendant upon questions of law when no verdict of acquittal has been had. See 17 C. J. 39, Section 3310, and cases cited in notes.

Among the statutory modifications of the general rule above stated which are frequently to be met with

in the different state jurisdictions are statutes which expressly permit the state to secure the review of an order of a trial court sustaining a motion in arrest of judgment in a criminal case. We do not have such a statute, but we do have, and have had since territorial days, a peculiar and specialized procedure upon exceptions by the prosecuting attorney, whereby he may take them with reference to "any opinion or decision of the court during prosecution of the cause." They have been carried forward through various compilations of the law and are now incorporated in Wyoming Revised Statutes, 1931, as the four sections 33-909 to 33-912 inclusive. The text of these sections has been set out in full in the opinion in State ex rel. Gibson v. Cornwell, 14 Wyo. 526, 85 Pac. 977, subsequently referred to herein, and need not be again given space in this opinion. The method of procedure which they supply, the State in the matter at bar has not seen fit to follow, as already intimated.

In State v. Weathers, 13 Okla. C. R. 92, 162 Pac. 239, where the statute expressly allowed the State an appeal in a criminal case from an order arresting judgment, quashing an information or indictment, and a question reserved by the State, it was held that the prosecution had no right to appeal from an order of the trial court granting a person convicted of crime a new trial, and the court remarked:

"In many jurisdictions the state has no right of appeal at all, and its right to appeal, where the right is granted, is based upon specific statutes, which statutes are not to be enlarged by construction."

It was held in State v. Maddox, 154 La. 547, 97 So. 855, that as under the Constitution of Louisiana the Supreme Court had jurisdiction of all prosecutions for crimes where the penalty of death or imprisonment at hard labor might be inflicted, but had no jurisdiction of a prosecution for a less serious offense unless

a fine exceeding $300.00 or imprisonment for a term exceeding six months had been actually imposed, accordingly an appeal on behalf of the State would not lie from a judgment sustaining a motion in arrest of the judgment in a misdemeanor case and the State's appeal from such a judgment would be dismissed on the court's own motion, the contention on behalf of the motion in arrest of judgment being that the allegations of the indictment were not sufficient to accuse him of any offense. This result was reached, as indicated by the court, since: "The state cannot appeal from a judgment quashing an indictment for a misdemeanor, because the case is one in which no penalty has been actually imposed and in which the penalty of death or imprisonment at hard labor could not be imposed."

Where two defendants were indicted for murder and tried separately, one was found guilty as charged and the verdict as to the other was voluntary manslaughter. Subsequently a motion was made to arrest the judgment against each defendant seperately. In the case of the defendant found guilty of the more serious offense, it was ordered that the verdict be set aside, and in the case of the other defendant the judgment was ordered arrested. The Solicitor-General excepted in behalf of the State. Dismissing the writ of error in both cases on the ground that such a writ in behalf of the State against a defendant in a criminal case could not be brought, the court in State of Georgia v. Johnson et al., 61 Ga. 640, said:

"The 4251st section of the Code declares, that 'either party in any civil cause, and the defendant in any criminal proceeding in the superior courts of this state, may except to any sentence, judgment, or decision, or decree of such court, or of the judge thereof in any matter heard at chambers.'"

Where the law provided that the Commonwealth might prosecute a writ of error from a decision arresting a judgment of conviction based upon invalidity or construction of the statute upon which such indictment or information was founded, in People v. Woodward, 215 Mich. 267, 183 N. W. 901, it was held that this statutory authority did not permit a writ of error by the prosecution from a decision sustaining a motion in arrest of judgment on the ground that defendant's conviction of possessing intoxicating liquors was obtained through evidence secured by an unlawful search and seizure, and the court said:

"It is obvious from the provisions of the act that the Legislature contemplated the issuance of a writ of error in behalf of the people only when the indictment was attacked upon the ground of the invalidity or construction of the statute upon which the indictment was based. In the present case the indictment was not attacked, and the validity of the statute was in no way questioned. The ground upon which the judgment of conviction was attacked was the fact that the conviction was brought about by evidence illegally obtained."

See also State v. Bollinger, 69 Mo. 577.

In State v. Arnold, 144 Ind. 651, 42 N . E. 1095, the court, referring to a statute quite similar to that considered in State v. Weathers, supra, said:

"These statutes, it is urged, deny the right of the State to appeal in other instances than those enumerated, and this we have no doubt is correct, as shown by the cases cited to that proposition. State v. Bartlett, 9 Ind. 569; State v. Hamilton, 62 Ind. 409; State v. Hollowell, 91 Ind. 376; State v. Evansville, etc., R. R. Co., 107 Ind. 581."

However, the court in that case held that the sustaining of an objection by the defendant to judgment upon that portion of the verdict affixing imprisonment as a part of the punishment was an arrest of judgment, and so appealable by the State.

In Commonwealth v. Pflaum, 48 Pa. Superior Ct. 370, it was held that while the Commonwealth might secure a review of the record in a criminal case for alleged error in arresting judgment after a verdict of guilty, it must also appear, as a matter of fact, that the decree was a final one. The order involved was not altogether clear, and the court said:

"If, however, the first part of the order is to be construed merely as superseding the verdict so that a new trial might be had, it would necessarily follow that there is no final judgment, and, therefore, no present right of appeal: Hade v. Cumberland Val. R. R. Co., 42 Pa. Superior Ct. 488."

Finally, in State ex rel. Gibson, as Prosecuting Attorney v. Cornwell, 14 Wyo. 526, 85 Pac. 977, it appeared that the prosecuting attorney undertook but failed to follow the procedure indicated in above Sections 33-909 to 33-912, then Sections 5378 to 5381 of the Revised Statutes of 1899, and at the same time and in the same proceeding, he filed a petition in error. The exception taken by the county attorney of Albany County in that case attacked a ruling of the trial court sustaining a demurrer to the information. Sustaining a motion to dismiss the cause in this court, it was said:

"As the statute stood with reference to criminal appeals at the time of the revision of 1899, it was provided that in all criminal cases, within one year after the rendition of final judgment, writs of error, on good cause shown, might be allowed by the Supreme Court or any justice thereof on the application of the defendant. (R. S. 1899, Sec. 5422.) There existed no provision for a writ of error on the application of the state or a prosecuting officer. Section 5422 was amended in 1901, so that it now provides that in all criminal cases after final judgment, and within one year after the rendition of the judgment, proceedings to vacate, modify, or annul such judgment, may be begun in the Supreme Court by petition in error in the

same manner as is provided for taking civil cases to that court. (Laws 1901, Ch. 63, Sec. 1.) That is the only provision or authority for a petition in error in criminal cases; and it is authorized only in a proceeding to vacate, modify, or annul the final judgment. The statute under which the present proceeding is brought expressly declares that the judgment shall not be reversed nor in any manner affected, but that the decision upon the questions presented in such a proceeding shall determine the law to govern in any similar case which may be pending at the time or may afterwards arise. *No provision is made by this or any other statute for an appeal by the state, or any other proceeding on behalf of the state, to vacate, or modify the judgment rendered in a criminal case.* The statute in question very clearly sets forth its purpose and defines the power and jurisdiction of the court in the premises." (Italics ours.)

Counsel for the state while calling our attention to the case above cited appear to have overlooked the italicized language in the excerpt just given. They suggest that Mr. Chief Justice Potter was referring only to the early form of the statute allowing proceedings in error in a criminal case. But it is apparent that the language used is not so limited. That this is so is established not only by the wording of the sentence we have especially emphasized above but by the subsequent statement in the opinion reading:

"It is unnecessary perhaps to suggest that without this, or a similar statute, there would exist no substantial reason for the taking of a bill of exceptions by a prosecuting officer, *there being no other law allowing an appeal by the state in criminal cases.* It is only upon a compliance with the provisions of the statute in question that this court obtains jurisdiction to review any ruling of the District Court adverse to the state in criminal prosecutions." (Italics supplied.)

As has been pointed out, a petition in error was filed in that case. In that case also the trial judge, as in the case at bar, ruled that the information was insufficient.

The county attorney insisted that the trial judge was mistaken, as he now does. The ruling of the trial court then was quite as effective to put an end to the proceedings under that information as the ruling in the present case on the motion to arrest the judgment, for we find the court points out:

"In the case at bar the District Court sustained a demurrer to the information on the ground that the act charged was not a crime under the laws of this state, and the defendant was thereupon discharged. It is clear that the case was settled so far as the defendant was concerned, and that no decision or order of this court in the proceeding could reinstate the case, so as to require the defendant to again answer to the same information, even if we should come to a different conclusion from that announced by the learned District Judge."

It is obvious in both that case and the one now before us that there was no judgment imposing a penalty upon the defendant. Section 33-1201 provides as to appellate procedure in criminal cases:

"In all criminal cases after final judgment and within one year after the rendition of the judgment, proceedings to vacate, modify or annul such judgment, may be begun in the supreme court by petition in error in the same manner as is provided for taking civil cases to the supreme court under the laws of this state."

In civil cases the statute assigning jurisdiction to this court reads somewhat differently and, (Section 89-4803) provides so far as pertinent,

"A judgment rendered or final order made by the district court may be reversed in whole or in part, vacated or modified by the supreme court for errors appearing on the record."

It is to be noted that under the latter statute final orders as well as judgments may be reviewed.

In People v. Stone, 9 Wendell 181, the court said:

"The only remaining question is whether the court of oyer and terminer had authority to permit a record to be made up in this case as of a judgment upon demurrer. In June term, 1829, the court below quashed the indictment. In November term following, upon the application of the district attorney, and in pursuance of the advice of this court, they vacated the rule quashing the indictment, and permitted the district attorney to make up and file a record, in the same manner and form as if the defendant had demurred to the indictment and judgment had been rendered in his favor thereon. This course was pursued for the purpose of enabling the district attorney to bring a writ of error, as no writ of error can be brought upon an order quashing an indictment. It is like an arrest of judgment for the insufficiency of the declaration; there is no judgment to be affirmed or reversed."

See also People v. Barry, 10 Abbott's Pr., (N. Y.) 225. It may be observed in this connection that the order now questioned sustaining the motion to arrest the judgment did not finally dispose of the matter, for the defendant was held to answer a new information based on the evidence adduced on the trial had. It only disposed of the sufficiency of the information then on file against the defendant.

It is interesting to note that the then Attorney General took a quite different view than is at bar presented on behalf of the state concerning the effect of the several statutes now under consideration. He insisted that the four sections of the law heretofore mentioned had not been disturbed by the later enactments providing for general review proceedings. He argued as well that there was no other provision than through the procedure authorized by said sections whereby the state could secure a review of rulings made by the district court in a criminal case, and further that there were two methods of procedure, "the one designed for

the relief of a defendant, and the other for the benefit of the state in order to secure an interpretation of its criminal statutes when deemed advisable in the court of last resort for the purpose of settling such questions as might arise in a trial for criminal cases. Each has a separate, distinct and independent purpose." We are inclined to think his interpretation of the law in these particulars was correct.

It is clear that review proceedings under the general statutes relating to error and appeal contemplate their being invoked by the defendant only, when examined in their entirety. For example, the defendant alone may move for a new trial (W. R. S., Sec. 33-1101) ; the process on review must be served on the Attorney General and the County Attorney (W. R. S., Sec. 33-1202). Other illustrations might be given.

Our view of the law accordingly is that the prosecution in a criminal case in this state is given by statute no method of review of adverse rulings except through the medium indicated in the four above cited sections, with the limitations there imposed. This view is supported likewise by the familiar rule of statutory construction that general legislation must yield to special legislation on the same subject whether the provisions are found in the same statute or in different statutes. 2 Lewis Sutherland Statutory Construction, Section 491.

The appeal must be dismissed.

*Dismissed.*

BLUME, Ch. J., and KIMBALL, J., concur.