91 So.2d 761

**STATE of Louisiana**

**v.**

**Noah SCALLAN.**

No. 43031.

Dec. 10, 1956.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Charles A. Riddle, Jr., Dist. Atty., Marksville, for appellant.

Eugene N. Scallan, Marksville, Edwin L. Lafargue, Baton Rouge, for appellee.

HAMITER, Justice.

Noah Scallan was charged under LSA–R.S. 55:9–10 with possessing for use and

using an unsealed and a false weighing or measuring device, the penalty for a violation of any provision of which statute is a fine of not more than $200 or imprisonment for not more than three months or both. To the indictment, in a motion to quash, the defendant pleaded that (1) it does not set forth any crime known to the laws of this state and (2) the statute is unconstitutional and invalid.

The district judge sustained the motion to quash, but the record fails to disclose on what ground his ruling was predicated. The state is appealing.

We are unable to take jurisdiction of the appeal. Where an indictment or information charges only a misdemeanor (as in this cause) the state cannot appeal from a quashing of it, unless the judgment is based wholly on a ruling that the statute involved is unconstitutional and the record affirmatively discloses that basis. Article 7, Section 10, Louisiana Constitution—LSA, State v. Johnson, 176 La. 371, 145 So. 773, cited approvingly in State v. Newman, 216 La. 236, 43 So.2d 593, and State v. Clement, 178 La. 93, 150 So. 842. No such disclosure exists here. "Where the judgment appealed from may have been predicated, either upon the ground that the case presented was not within the law relied on, or upon the ground that such law is unconstitutional, it will not be assumed, for the purposes of the jurisdiction on appeal, that the latter was the ground adopted." State v. Yazoo & M.

V. R. Co., 116 La. 189, 40 So. 630. This extract was quoted with approval in State v. Clement, supra.

For the reasons assigned the appeal is dismissed.