## Aronson *versus* Cleveland and Pittsburg Railroad Company.

1. Where the error alleged is in arresting judgment, the Supreme Court will not look to the testimony for aid in pronouncing on the judgment of the court below.

2. If the declaration be sound, the plaintiff is generally entitled to judgment.

3. A declaration was against defendants for loss of goods as *carriers;* after verdict it was to be presumed that this was made out.

4. In another action for the loss of the same goods against the defendants as *warehousemen,* the plaintiff would be estopped by his allegation that they were carriers.

November 3d 1871.   Before THOMPSON, C. J., READ, AGNEW,
SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Allegheny county:* No.
98, to October and November Term 1871.

This was an action of assumpsit by A. Aronson against The
Cleveland and Pittsburg Railroad Company, brought to March
Term 1869.   The plaintiff declared that the defendants were
common carriers for hire by railroad and cars from Waynesburg,
Ohio, to Alliance, in the same state, and at the request of the
defendants, the plaintiff delivered to them, as such carrier, three
boxes of goods of the value of $1500, to be carried from Waynes-
burg to Alliance, there to be safely delivered by them to the plain-
tiff, for a certain reward, and in consideration thereof they under-
took and promised the plaintiff to take care of the said goods,
and safely carry the same by the means aforesaid for the plaintiff;
and whilst said goods were in the care and custody of the defend-
ants, they as such carriers undertook and promised the plaintiff
to reconvey and safely carry the said goods by means of their
railroad and cars from Alliance to Pittsburg, and safely deliver
them at Pittsburg for the plaintiff for certain other reward, and
although the defendants received the goods in the manner and for
the purpose aforesaid, and had the care and custody of them at
Waynesburg, to be safely delivered at Pittsburg for the plaintiff,
yet they did not take care of the goods; and although they
delivered two of the boxes of goods, yet they did not safely carry
and deliver the third box, nor deliver the same for the plaintiff at
Pittsburg; and the defendants, being such carriers, "so care-
lessly and negligently behaved themselves with respect to the

[Aronson v. C. & P. Railroad Co.]

said goods of the plaintiff, that by and through the mere careless-
ness, negligence and improper conduct of the defendants," &c.,
one box of the goods, " to wit, four overcoats of the value of
$500, whilst the defendants as such carriers had charge thereof,
* * * became and were and are wholly lost to the plaintiff, * * *
and the defendants afterwards, * * * in consideration of the
premises promised the plaintiff to pay the said sum of $500," &c.

The defendants pleaded non assumpsit.

The jury found a verdict for the plaintiff for $524.03.

The defendants moved for a new trial ; also in arrest of judg-
ment, for which they assigned the following reasons :—

1. The declaration in this case shows no cause of action.

2. The declaration is inconsistent, and contradictory in itself.

3. The record shows no evidence to sustain the allegations of
the declaration.

4. The court erred in refusing to charge the jury as requested
on the points of defendant.

5. The declaration alleges no non-delivery therein, as having
been shipped from Waynesburg to Alliance, and the record shows
that the court charged the jury that the defendants were liable in
this action as common carriers for that transit, and were bound
to show a delivery of the same at Alliance, or a loss during transit
coming under the exceptions in the bill of lading for said boxes
contained, or the exceptions of the common law, which charging
under the pleadings is assigned as error and cause for arrest of
judgment.

The court denied the motion for a new trial, but arrested the
judgment.

The plaintiff assigned this for error on the removal of the case
to the Supreme Court.

A. M. Brown, for plaintiff in error, cited 3 Bl. Com. 393, 394 ;
Stephen on Pl. 117 ; 1 Tr. & H. Pract. 620 ; Shoenberger v.
Zook, 10 Casey 24 ; Quinn v. Woodhouse, 2 Id. 333 ; Roop v.
Roop, 11 Id. 59 ; Bennet v. Bullock, Id. 364 ; Barnhill v. Haigh,
3 P. F. Smith 165 ; Wilson v. Gray, 8 Watts 25.

S. Schoyer, Jr., for defendants in error.

The opinion of the court was delivered, November 23d 1871, by
THOMPSON, C. J.—When the error alleged is in arresting judg-
ment we cannot look into the testimony for aid in pronouncing
upon the action of the court. The question is upon the sufficiency
of the plaintiff's narr. If that be sound, the plaintiff is in general
entitled to judgment on his verdict : Wilson v. Gray, 8 Watts 25.

In the narr. in this case we see no substantial defect. It does
not show that the action should have been against the company

[Aronson *v.* C. & P. Railroad Co.]

as warehousemen. The engagement of the company set forth by plaintiff is as carriers. We must presume after verdict that this was made out. What possible chance there would be for a suit for the same goods against the company as warehousemen, I do not see. The plaintiff would be estopped by his allegation that the goods were lost on transit, and not in a warehouse. If it had been shown that the goods were lost by warehousing, then indeed the plaintiff's *narr.* would not have been such as to enable him to recover, and it would have been the duty of the court to have charged against him for want of correspondence between his *allegata* and *probata.* There is nothing in this suggestion of the defendants in error.

And now, to wit, November 23d 1871, the arrest of judgment in this case by the court below is reversed, and judgment is ordered to be entered on the verdict for the plaintiff for the amount found by the jury, with interest from the date of the verdict, and the record is remitted for that purpose.