# Commonwealth *v.* Jung Jow, Appellant.

219
38SC      173
3

*Criminal law—Murder—New trial—Discretion of court.*

Where three men have been tried together and convicted of murder, it is not an abuse of discretion in the court to grant a new trial for one of the prisoners, and to refuse it for the others; and this is especially so where it appears that the two were arrested on the spot of the killing with the weapons still in their hands, while the other was not taken until thirty or forty minutes afterwards, and then unarmed, at a house several blocks away.

Argued Oct. 28, 1907.   Appeals, Nos. 221 and 222, Jan. T., 1907, by defendant, from judgment of O. & T. Phila. Co., Aug. Term, 1906, No. 303, on verdict of guilty of murder in the first degree in case of Commonwealth v. Jung Jow and Commonwealth v. Mock Kung.   Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ.   Affirmed.

Indictment for murder.   Before BARRATT, J.

The assignment of error was in the following form :

The error of the learned court consisted in its refusal to grant a new trial, such refusal constituting a clear abuse of its discretion.

*Harvey K. Zollinger,* with him *David J. Smyth,* for appellants.

*William Findlay Brown*, with him *Samuel P. Rotan*, district attorney, and *Morris Wolf*, assistant district attorney, for appellee.

PER CURIAM, November 4, 1907:

Appellants seek to escape from the rule that a refusal to grant a new trial is not assignable for error, by calling the refusal an abuse of discretion. The assignment of error does not show any ground upon which such charge of abuse is predicated and ought therefore to be dismissed without further comment. But looking at the argument we find that the abuse is charged to consist in granting a new trial to one of three prisoners tried together, and refusing it to the other two. It would be hard to find in the books a more inconsequent and frivolous argument. There is nothing to indicate in any way that if any error at all was made by the court below, it was not in granting the new trial to the one rather than in refusing it to the others. But no error appears anywhere.

It is asserted that the evidence was the same as to all three prisoners who were tried together, and therefore the discrimination in treatment must have been arbitrary. But it is not the fact that the evidence was the same. The two appellants were arrested on the spot of the shooting with the weapons still in their hands, the other was not taken until thirty or forty minutes afterwards and then unarmed at a house several blocks away. His defense was an alibi and the jury might well have acquitted him while convicting the others. What the first jury might have done the court might well permit another jury to do.

Judgment affirmed and record remitted to the court below for purpose of execution.