# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

## Stern *v.* Johnston, Appellant.

*Appeals—Errors—Granting of new trial—Judicial discretion.*
The granting of a new trial is not assignable as error, except where it is made to appear that there was a clear, manifest and undoubted abuse of judicial discretion.

Argued April 14, 1908. Appeal, No. 28, April T., 1908, by defendant, from order of C. P. Crawford Co., May T., 1906, No. 74, making absolute rule for new trial in case of Samuel Stern v. W. G. Johnston. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on an agreement in writing to assume the debt of another. Before THOMAS, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for defendant. The court subsequently granted a new trial.

*Error assigned* was in granting a new trial.

*Samuel Grumbine*, with him *John M. Chick*, for appellant.

*Frank J. Thomas*, with him *Otto A. Stolz*, for appellee.

OPINION BY ORLADY, J., December 15, 1908:

The only error assigned by the appellant is, that the court erred in making absolute the rule for a new trial. As early as Burd v. Lessee of Dansdale, 2 Binney, 80, and Burke v. Lessee of Young, 2 S. & R. 383, it was held that there was no error in the refusal of the trial court to grant a new trial of which the supreme court should take cognizance. It is the duty of the trial judge to see that the trial is conducted in a legal manner, and the exercise of his authority is discretionary. Unless this discretion is abused, the action of the court is not the subject of an appeal. The appellant urges that there was no good reason for apprehending or believing that the defendant would be prejudiced by the testimony which was excluded, even though it was commented on by counsel, for the reason that it was afterwards withdrawn from consideration of the jury.

The decision of this matter lies with the trial judge and not with the counsel who produces the proposition. Quite naturally it is urged that the verdict should be sustained, as it was recovered through the efforts of counsel, but the trial judge is the better qualified to decide whether the trial was rendered unfair by reason of the persistent reference to testimony which had been excluded as incompetent. Though the court refused to withdraw a juror upon request, and when the cause was submitted, the jury was admonished to not consider the objectionable statements, yet after a careful review of the case, the trial judge was of the opinion that the unfair influence had not been wholly eradicated, and that it was necessary, in the administration of justice, to grant another trial.

Had his conclusion been the other way, it would not change the result in this court, as the rule of law would be the same in either event, if the appellate court is not convinced that there has been an abuse of judicial discretion in making the order. In disposing of such a question, we require that the alleged abuse of judicial discretion shall be clear and manifest and not at all doubtful. We cannot reproduce the conditions attending the trial, nor accurately measure the effect of the conduct of counsel. The whole procedure of the trial is rightly committed by the decisions, to the judicial supervision of the

trial judge, and when a new trial is granted for such a reason as is here presented, we are bound to presume that the trial judge was convinced as a judge that the verdict of the jury was improperly affected by the conduct of counsel. There is nothing in this case to take it out of the well established rule, which has been declared in many cases: McKenney v. Fawcett, 138 Pa. 344; Smith v. Times Pub. Co., 178 Pa. 481; Com. v. Striepeke, 32 Pa. Superior Ct. 82; Wagner v. Hazle Twp., 215 Pa. 219; Walsh v. Wilkes-Barre, 215 Pa. 226; Com. v. Valverdi, 32 Pa. Superior Ct. 241; s. c., 218 Pa. 7; Com. v. Delero, 218 Pa. 487; Com. v. Jung Jow, 219 Pa. 173.

The assignment of error is overruled and the judgment is affirmed.