# Hade, Appellant, *v.* Cumberland Valley Railroad Company.

*Appeals—Interlocutory order—Granting new trial—Practice.*

An order granting a new trial upon the ground that the verdict was against the weight of the evidence is not a final judgment from which an appeal lies.

Argued March 14, 1910. Appeal, No. 5, March T., 1910, by plaintiff, from order of C. P. Cumberland Co., May T., 1908, No. 28, setting aside verdict and granting a new trial in case of A. Z. Hade v. Cumberland Valley Railroad Company. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Appeal quashed.

Trespass to recover damages alleged to have been suffered by the plaintiff through the breaking of his close. Before SADLER, P. J.

At the trial the jury returned a verdict for plaintiff for $30.58. Subsequently the court set aside the verdict and granted a new trial on the ground that the verdict was against the weight of the evidence. Plaintiff appealed.

*Error assigned* was the order setting aside the verdict and granting a new trial.

*E. M. Biddle, Jr.,* with him *H. M. Zug,* for appellant.

*S. B. Sadler,* with him *H. H. Mercer,* for appellee.

PER CURIAM, April 18, 1910:

In Allen v. Sawyer, 2 P. & W. 325, the defendant appealed from an order setting aside a verdict in his favor and awarding a new trial. The Supreme Court reversed the order, reinstated the verdict and entered judgment on the same. Dougherty v. Andrews, 202 Pa. 633, and Stern v. Johnston, 38 Pa. Superior Ct. 1, are similar cases except that in each of them the appel-

late court affirmed the order. In neither of these cases was the question, whether an order granting a new trial is such a final judgment as may be appealed from, discussed in the opinion. On the other hand, the Supreme Court held in Lance v. Bonnell, 105 Pa. 46, that even after judgment the court may, during the term at which it was entered, allow a rule for a new trial nunc pro tunc and make it absolute, and quashed the writ of error, because, as stated in the opinion of Mr. Justice CLARK, as the verdict and judgment were both set aside, the cause was open for further proceedings therein. "It follows therefore," to quote the language of the opinion, "that this writ of error cannot be sustained; there is no judgment, decree or sentence of the court below, which can be the subject of review here." See also Hambleton v. Yocum, 108 Pa. 304. In Com. v. Gabor, 209 Pa. 201, the Supreme Court, while refusing to quash the appeal because of the peculiar state of the record, expressly conceded that ordinarily an order for a new trial is not to be treated as a final judgment from which an appeal will lie. There is nothing in the case before us to take it out of the general rule. Whether, after a retrial of the case and a judgment on the verdict the action of the court complained of will be assignable for error on the appeal then taken, we do not now decide. What we decide is that the order granting a new trial upon the ground that the verdict was against the weight of the evidence is not a final judgment from which an appeal lies.

Appeal quashed.