## Commonwealth, Appellant, v. Pflaum.

*Appeals—Criminal law—Arrest of judgment—Final decree—Ambiguous decree.*

1. While for error in arresting judgment, after verdict of guilty, the commonwealth may remove the record for review, it must appear in fact that the decree appealed from is a final one. If the decree is ambiguous, so that it cannot be determined definitely whether it is interlocutory or not, it will be set aside.

2. Where on a motion in arrest of judgment and on a rule for a new trial, the court below makes this order, "The motion in arrest of judgment is granted, and the rule for a new trial is made absolute," the appellate court will set aside the order because of its ambiguity and remit the case to the court below for further proceedings upon the two motions.

Argued Nov. 13, 1911. Appeal, No. 218, Oct. T., 1911, by plaintiff, from judgment of Q. S. Phila. Co., March T., 1911, No. 747, on verdict of guilty in case of Commonwealth v. Christian Pflaum. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Order set aside.

Indictment under the pure food act.

The opinion of the Superior Court states the case.

*Error assigned* was (1) the order quoted in the opinion of the Superior Court.

*Wm. M. Hargest,* assistant deputy attorney general, with him *Samuel B. Rotan,* district attorney, *E. C. Rhoads* and *John C. Bell,* attorney general, for appellant.—For error in quashing an indictment, arresting judgment after a verdict of guilty, and the like, the commonwealth may remove the record for review without allowance of the proper writ: Com. v. Sober, 15 Pa. Superior Ct. 520; Com. v. Wallace, 114 Pa. 405.

*Frank P. Prichard,* with him *Thomas E. Lannen,* for appellee.

OPINION BY RICE, P. J., November 20, 1911:

The indictment against the defendant contained five counts. The jury rendered a verdict of guilty on the first and second counts, and not guilty on the three others. The first count charged the defendant with having in his possession, with intent to sell, exposing and offering for sale, and selling, a certain adulterated article of food, to wit, confectionery, describing it, "which then and there contained sulphurous acid, sulphur dioxide and sulphites," contrary to the form of the act, etc. The second count was identical with the first, except that after the above quoted words the words "deleterious to health" were added. After verdict, the defendant made two separate motions, and assigned reasons in support of each. The first motion was to arrest the judgment, and the second was to grant a new trial. After argument of these motions, the court filed an opinion which concluded with the following order: "The motion in arrest of judgment is granted and the rule for a new trial is made absolute." The commonwealth, by the district attorney, excepted to

each branch of this order and then took this appeal. The first assignment of error is to the order as an entirety; the second and third are to certain portions of the opinion, and the fourth is to the granting of the motion in arrest of judgment.

Before considering the questions argued by counsel, there is a preliminary question to be considered which we do not feel warranted in overlooking. In Benjamin v. Armstrong, 2 S. & R. 392, Chief Justice TILGHMAN said: "It has several times been decided by this court that a writ of error will lie on a judgment arrested; because the order to arrest the judgment is in the nature of a judgment; it makes an end of the controversy." This was said in a civil case, but it is equally well settled that the principle is applicable in criminal cases, and that for error in arresting judgment, after verdict of guilty, the commonwealth may remove the record for review: Com. v. Wallace, 114 Pa. 405; Com. v. Sober, 15 Pa. Superior Ct. 520. The question then arises, whether the order in the present case construed as a whole, is an "arrest of judgment" in the strict sense; that is, an order which made an end of the controversy. If it is to be so construed, then the case is properly before us for review—not upon the evidence, but upon the face of the record: Wilson v. Gray, 8 Watts, 25–34; Aronson v. Cleveland, etc., R. R. Co., 70 Pa. 68; Com. v. Gurley, 45 Pa. 392; Com. v. Walker, 33 Pa. Superior Ct. 167. If, however, the first part of the order is to be construed merely as superseding the verdict so that a new trial might be had, it would necessarily follow that there is no final judgment, and, therefore, no present right of appeal: Hade v. Cumberland Val. R. R. Co., 42 Pa. Superior Ct. 488. The adoption of the first construction would necessitate the rejection of the second branch of the order as surplusage or as something that the court had no authority to annex to an order arresting judgment, while the adoption of the second construction involves the substitution of words which do not necessarily, nor in common usage, convey the same idea as those used by the

court.  On its face the order is ambiguous, and its terms seem to be contradictory.  We see no proper solution of the obvious difficulty, except to set aside the order because of its ambiguity, and to remit the cause for further proceeding upon the two motions above referred to.  We are not to be understood as saying that a party may not present a motion for arrest of judgment in the strict sense, and a motion for a new trial at the same time, but it is impossible to see how the court may grant both motions and give to each its full effect.

The questions argued by counsel as to the construction and the constitutionality of the Act of May 13, 1909, P. L. 520, are important, and it is important that they be set at rest without undue delay.  But it is also important that the record of the case, in which they are sought to be raised, be in such condition that this court may not only express an opinion upon them, but also may enter a judgment that can be carried into effect.

The first assignment of error is sustained, the order therein assigned for error is set aside, and the record is remitted to the court of quarter sessions of Philadelphia county with a procedendo.