## Commonwealth, Appellant, v. Stetska.

*Criminal law—Arrest of judgment—Assault and battery—Witnesses before grand jury.*

An order arresting judgment after a conviction for assault and battery is not interlocutory, and may be reviewed by the appellate court.

Where an interpreter, who is also a witness, is shown by the record to have been present at the same time with another witness before the grand jury, when an indictment was found, judgment will be arrested after a conviction on the indictment.

*Criminal law—Arrest of judgment—Release on recognizance—Appeals.*

Where a judgment is arrested, it is within the discretion of the court to release the defendant on his own recognizance, pending an appeal.

Argued Oct. 8, 1917.  Appeal, No. 7, April T., 1918, by plaintiff, from order of Q. S. Greene Co., March T., 1917, No. 10, by plaintiff, arresting judgment in case of Commonwealth v. Charles Stetska et al.  Before ORLADY, P. J., POTTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Motion in arrest of judgment.  Before RAY, P. J.
The opinion of the Superior Court states the case.

*Errors assigned* were (1) in arresting the judgment (2) in refusing to require defendants to give bail pending appeal.

*David R. Huss,* with him *James Inghram,* for appellant.—Arrest of judgment must arise from intrinsic causes appearing on the face of the record: Com. v. Weaver, 61 Pa. Superior Ct. 571; Com. v. Gurley, 45 Pa. 392.

No valid reason for quashing or arresting judgment is alleged: Com. v. Haines, 57 Pa. Superior Ct. 616.

The interpreter, even if also a Commonwealth witness in the same case, acts as interpreter in the grand jury room under the sanction of his oath as interpreter (Com. v. Jongrass, 181 Pa. 173),—not under his oath as witness. ·

Regardless of the law applicable to the first assignment, the court below undoubtedly erred in refusing to hold the defendants to bail upon the request of the Commonwealth and its written declaration that the case would be further prosecuted or appealed: Com. v. Bartilson, 85 Pa. 482.

*James J. Purman,* with him *James A. Garrison,* for appellees.—Judgment was arrested for causes appearing on face of record: Com. v. Clement, 8 Pa. Dist. Rep. 705.

It is evident that as a result of the appointment of the said Anna Sammoriga there were two witnesses before the grand jury at one and the same time.

The court had the discretion to refuse defendant to enter bail pending the appeal: Com. v. Bartilson, 85 Pa. 482.

OPINION BY TREXLER, J., March 2, 1918:

After a verdict of guilty of aggravated assault and battery against the appellees, the court below arrested the judgment. The appellees contend that the order arresting the judgment is interlocutory and not subject to review. The contrary has been decided. For error in arresting judgment after verdict of guilty the Commonwealth may remove the record for review: Com. v. Pflaum, 48 Pa. Superior Ct. 370, and cases therein cited.

We agree with the appellant that an arrest of judgment must arise from intrinsic causes appearing on the face of the record. In the argument the Commonwealth's counsel states that unless the appellees' first reason therein, to wit, "that the indictment should have

been quashed, is valid......there was error in arresting
the judgment." Assuming this to be correct, the question narrows down to a consideration as to whether the
facts appearing at the time the court considered the motion to quash the indictment, which facts were admitted
by the Commonwealth, and put upon the record by the
court, were sufficient to warrant the quashing of the indictment.   Mrs. Anna Samoriga acted as interpreter before the grand jury and was also a witness called for the
Commonwealth.   The court took the view that but one
witness should appear before the grand jury at any time.
This has been the rule from time immemorial and is according to the universal practice still prevailing.   The
proceedings being secret, the oath of the grand juror
being to preserve such secrecy, it follows that to allow
the presence of more than one witness would render this
obligation of secrecy of very little effect.   The reasons for
secrecy are obvious.   The practice that prevails should
not be set aside without some good reason appearing for
so doing.   As to this subject, the beaten path is the safer.

After the court arrested the judgment the defendants
were released on their own recognizances.   This is alleged to have been error.   In Com. v. Bartilson, 85 Pa.
482, the district attorney, as in this case, gave notice of
his intention to remove the record to the appellate court.
The court declined to require the defendants to renew
their recognizances.   In an opinion by PAXSON, J., page
490, we find, "This action of the court is not assignable
for error.   It was in the sound discretion of the court either to hold the defendants to bail pending the certiorari
or writ of error, to hold them in their own recognizance,
or to discharge them without day, and such action is not
reviewable here, except perhaps, for a gross abuse of discretion."

All the assignments of error are overruled and the
order is affirmed.