## Commonwealth, Appellant, *v.* Bateman.

*Appeals—Verdict in criminal cases—Order arresting judgment—Appeal by Commonwealth.*

It is well settled that the Commonwealth may appeal from an order arresting judgment upon a verdict in a criminal case.

*Criminal procedure—Motion in arrest of judgment—No error appearing upon face of record.*

Where in a criminal prosecution it appears that there was no defect in the record or the indictment, that the issue was properly formed and that the verdict found the defendant guilty as indicted, a motion in arrest of judgment should be overruled.

Judgments can only be arrested in criminal cases for cause appearing upon the face of the record. The record to be considered consists of the indictment, the plea and issue and verdict. The evidence in the case forms no part of the record within the rule that a motion in arrest of judgment can be based only on matters of record, and hence defects which appear only by aid of evidence cannot be the subject of such a motion. No judgment should be arrested because of a perverse verdict, one contrary to the instruction of the court, or a verdict not supported by competent evidence, or upon the ground that the court refused to give binding instructions in favor of the defendant or otherwise erred in its instructions to the jury.

*Fornication and bastardy—Evidence—Sufficiency.*

In the trial of an indictment for fornication and bastardy, uncontradicted evidence produced by the Commonwealth which clearly establish that the mother of the child in question, during the extremity of her labor, persisted in the charge that the defendant was the father of the child, and that she died a few days later, is sufficient to sustain a verdict of guilty.

Argued October 3, 1927. Appeal No. 522, April T., 1928, by Commonwealth from order of Q. S. Allegheny County, February Sessions, 1927, No. 244, in the case

54    COMMONWEALTH, Appellant, *v.* BATEMAN.

Statement of Facts—Opinion of the Court.    [92 Pa. Superior Ct.

of Commonwealth of Pennsylvania v. Earl Bateman.
Before Porter, P. J., Henderson, Trexler, Keller,
Linn, Gawthrop and Cunningham, JJ. Reversed.

Indictment for fornication and bastardy. Before
Carnahan, J.

The facts are stated in the opinion of the Superior
Court.

Verdict of guilty. Subsequently the court, upon
motion of the defendant, arrested judgment. Com-
monwealth appealed.

*Error assigned* was the order of the Court.

*Samuel H. Gardner,* District Attorney, and with him
*Leonard A. Mazer,* for appellant, cited: Common-
wealth v. Bradley, 16 Pa. Superior Ct. 561; Common-
wealth v. Weaver, 61 Pa. Superior Ct. 571; Delaware
Division Canal Company et al. v. Commonwealth, 60
Pa. 367; Commonwealth, Appellant, v. Duchnicz, 59
Pa. Superior Ct. 527; Commonwealth v. Gurley, 45 Pa.
392; Commonwealth v. Hettig, 46 Pa. Superior Ct. 395;
Commonwealth v. Walker, 33 Pa. Superior Ct. 167.

*Thomas Nichols,* and with him *William LeGoullon,*
for appellee, cited: Commonwealth v. Greevy, 271 Pa.
95; Commonwealth v. Pennsylvania Railroad Com-
pany, 72 Pa. Superior Ct. 353.

Opinion by Porter, P. J., December 14, 1927:

This defendant was tried upon an indictment which
in proper form charged fornication and bastardy, is-
sue was joined upon his plea of not guilty and the trial
resulted in a verdict of guilty as indicted. The de-
fendant, by his counsel, filed a motion in arrest of
judgment, assigning in support of said motion the fol-
lowing reasons: "First. No judgment against the

said Earl Bateman, as to the charge of bastardy, can be lawfully rendered upon the record as it now stands. Second. The evidence against the defendant at the trial as to the charge of bastardy was not sufficient to be the basis of a verdict of guilty. Third. The verdict of guilty as to the charge of bastardy was against the law. Fourth. The verdict of guilty as to the charge of bastardy was against the weight of the evidence. Fifth. The court erred in refusing the motion of the defendant's counsel to direct a verdict of not guilty as to the charge of bastardy for the reason that the Commonwealth had failed to produce sufficient evidence to warrant the conviction of the defendant." The learned judge of the court below sustained the motion in arrest of judgment and entered the following order: "And now, to wit, July 14, 1927, motion by defendant as respects the charge of bastardy and in arrest of judgment is sustained and judgment is entered for defendant." The Commonwealth thereupon appealed and assigns for error the order of the court below above quoted.

The motion of counsel for the defendant to quash this appeal, upon the ground that the order appealed from is not final, must be overruled. The court, upon the face of the order, undertook to enter judgment in favor of the defendant, as to the charge of bastardy, and no judgment could be entered against the defendant upon that charge so long as that order stands. The bastardy was an essential element of the offense defined by the statute and charged in the indictment, upon which the defendant was found guilty, and any sentence upon that verdict should be for fornication and bastardy, and in addition thereto to pay lying-in expenses, and give security to perform the order of maintenance of the child. This case cannot be distinguished from that of Commonwealth v. Gurley, 45 Pa. 392, in which the Supreme Court entertained an appeal and reversed the

action of the court in arresting judgment, as to the charge of bastardy, and remitted the record, with direction that the court sentence the defendant in accordance with the statute. The right of the Commonwealth to appeal from an order arresting judgment upon a verdict in a criminal case is too well settled to require extended discussion: Commonwealth v. Wallace, 114 Pa. 405; Commonwealth v. Pflaum, 48 Pa. Superior Ct. 372.

Judgments can only be arrested, in criminal cases, for causes appearing upon the face of the record; this is a general rule, and is well settled; an exception exists when pardon is pleaded before sentence. The record to be considered consists of the indictment, the plea and issue and verdict. The evidence in the case forms no part of the record within the rule that a motion in arrest of judgment can be based only on matters of record; and hence defects which appear only by aid of evidence cannot be the subject of such a motion. No judgment should be arrested because of a perverse verdict, one contrary to the instruction of the court, or a verdict not supported by competent evidence, or upon the ground that the court refused to give binding instructions in favor of the defendant or otherwise erred in its instructions to the jury: Commonwealth v. Gurley, supra; Delaware Division Canal Co. v. Commonwealth, 60 Pa. 367; Swan v. Commonwealth, 104 Pa. 218; Commonwealth v. Hanley, 15 Pa. Superior Ct. 276; Commonwealth v. Bradley, 16 Pa. Superior Ct. 561; Commonwealth v. Walker, 33 Pa. Superior Ct. 167; Commonwealth v. Hettig, 46 Pa. Superior Ct. 395. The only one of the five reasons, above quoted, urged by the defendant in support of his motion to arrest the judgment, which challenged the validity of the record in this case was the first, the other four really involved only an assertion that the verdict was not supported by competent evidence. The first reason,

while good in form, was not well founded. There was no defect in the record proper. It is not even suggested that there was any defect in the indictment, which was in proper form in all its details; the issue was properly formed and the verdict found the defendant guilty as indicted. The offense of which the defendant was found guilty was one clearly defined and its punishment fixed by statute. The motion in arrest of judgment, therefore, finds no foundation in the record and ought to have been overruled.

The opinion filed by the learned judge of the court below distinctly states the ground upon which he based his action and leaves no doubt that he arrested the judgment for the reason that he did not believe the evidence sufficient to sustain the charge of bastardy. In referring to the motion in arrest of judgment the learned judge in his opinion said: "It has reference, entirely, to the charge of bastardy; and the evidence is insufficient to sustain that charge. The case, as respects the charge of bastardy, should not have been submitted to the jury." This simply means that in the opinion of the judge the evidence was insufficient to establish that element of the offense, and that he had erred in refusing to affirm defendant's point requesting binding instructions. That the learned judge erred in arresting the judgment for this reason is clearly established by the authorities above cited; to which might be added many others. The opinion of the judge, it is true, is not a part of the record, but it discloses that he sustained reasons urged by the defendant for arresting the judgment, which reasons were in themselves not well founded. The question here directly presented does not require us to examine the testimony, but we have done so, to the end that the order we make may not unnecessarily delay the proper disposition of this case. The conclusion of the learned judge that the evidence in this case was not sufficient to sustain the

charge of bastardy must have resulted from his inadvertently overlooking the provisions of section 37 of the Act of March 31, 1860, P. L. 382, under which this defendant was indicted. That section provides that: "Any single or unmarried woman having a child born of her body, the same shall be sufficient to convict such single or unmarried woman of fornication; and the man by such woman charged to be the father of such bastard child shall be the reputed father, and she persisting in the said charge, in the time of her extremity of labor or afterwards, in open court, upon the trial of such person so charged, the same shall be given in evidence, in order to convict such person of fornication; and such person being thereof convicted, shall be sentenced, in addition to the fine aforesaid, to pay the expenses . . . . . ." The Commonwealth in this case produced evidence which was uncontradicted and clearly established that the mother of the child in question during the extremity of her labor, persisted in the charge that this defendant was the father of the child, and the young woman died within a few days after the birth of the child. This evidence was competent and sufficient to sustain the verdict of guilty as indicted, rendered by the jury. The jury may have been led to give this evidence the weight to which it was entitled by the flippant manner in which defendant testified in his own behalf and the admissions which he made, and the further fact that some of his material averments were contradicted by a seemingly disinterested and candid witness. The evidence leads us to the conclusion that we should make the same order which was made by the Supreme Court in the case of Commonwealth v. Gurley, 45 Pa. 393.

The order of the court below arresting the judgment is reversed, and the record remitted, with direction that the court sentence the defendant in this case in accordance with the statute for fornication and bastardy.