## Commonwealth v. Geibel.

*J. Stroud Weber*, for Commonwealth; *Maxwell Strawbridge*, for defendant.

WILLIAMS, P. J., May 13, 1929.—The motion may be viewed from the angle of two (2) alleged illegal acts on the part of police officers: first, search and seizure; and second, arrest.

However, the illegality of the search and seizure is not pressed by the defendant's counsel, who abandoned in their brief the contention. The sole remaining question raised is, then, May a police officer file an information with a justice of the peace and arrest the defendant on Sunday for the possession and furnishing of intoxicating liquors for beverage purposes?

Looking only at the Act of 1705, Section four (4), 1 Sm. Laws 25, the arrest would seem to be illegal unless possessing and furnishing intoxicating liquor for beverage purposes be breaches of the peace. But the Sunday violation authorities are not pertinent because in every case it was not so much the doing of the act as the doing of it on Sunday that was unlawful. Here, the act itself is against the law—the day being immaterial. To possess or furnish intoxicating liquor for beverage purposes is contrary to law at any time.

In the instant case, the Prohibition Enforcement Act of March 27, 1923, P. L. 34-45, is in point. This statute places the possessing and furnishing of intoxicating liquor on an entirely new basis and, hence, in determining whether the offenses constitute breaches of the peace, an examination of the legislative regulation may be helpful. Throughout such examination, however, it should be kept clearly in mind that whatever tends to disturb the public safety, quiet and decorum is a breach of the peace.

The Act of March 27, 1923, *supra*, Section One (1), P. L. 34, says the act is for the protection of public welfare, health, peace, safety and morals and all

provisions shall be liberally construed for the accomplishment of these purposes.

Section Three (3), P. L. 35, makes it unlawful to furnish or possess intoxicating liquor for beverage purposes.

Section Six (6), P. L. 36, renders any house where intoxicating liquor is furnished or possessed a common nuisance.

Section Seven (7), P. L. 36-7, provides for the abatement of such a nuisance and the padlocking of such a house.

Section Eight (8), P. L. 37-8, authorizes search warrants and seizures. Of great importance in the case at hand is the following language of the Eighth (8th) Section, supra:

"Said officer or officers may arrest without warrant, and bring before the alderman, justice of the peace, or magistrate, who issued said search warrant, the person or persons found in possession or custody of the said thing or things so seized:"

According to Section Eight (8), therefore, a body warrant is not necessary. Quite properly, the Prohibition Enforcement Act is silent about Sunday. If an officer may make a legal arrest on Sunday without a warrant, how can it be urged cogently that his possession of a warrant issued on Sunday renders arrest illegal? Although the power in the body warrant be illegal, the conduct of the officer is sustained by the blanket power of the Act of March 27, 1923, supra. Illegality of one source of power does not pollute another source. The useless does not vitiate the useful.

Section Nine (9), P. L. 38-9, covers search, seizure and arrest with or without warrant in case of transportation.

And Section Eleven (11), P. L. 39-43 (A), P. L. 39, declares no property rights shall exist in illegal intoxicating liquor.

From the foregoing it appears that the provisions, purposes and tenor of the Prohibition Enforcement Act, supra, stamp bootlegging a breach of the peace. If immunity were guaranteed One (1) day in Seven (7) to quiet and peaceful bootleggers, i. e., bootleggers careful not to create a public disturbance or commit treason or a felony, the enforcement of prohibition would be greatly hampered. The Act of March 27, 1923, supra, is a drastic piece of legislation intended clearly to operate in full force Seven (7) days a week.

Granting for argument but not in reason that the arrest of the defendant was illegal because of the Act of 1705, supra, the motion to quash the indictment comes too late to attack the illegality of arrest.

Between May 20, the day of arrest, and June 8, the date of trial, the defendant had ample time to challenge the legality of his arrest. Instead of seeking to be discharged from custody, or to be released from his recognizance to appear for trial, he waited without action until after the indictment had been found and he had been called for trial. But it was too late then for the defendant to move to quash the bill for unlawfulness of apprehension: Com. v. Brennan, 193 Pa. 567 (1899), 569; Com. v. Mallini, 214 Pa. 50 (1906), Mitchell, C. J., 51-2; Com. v. Dingman, 26 Pa. Superior Ct. 615 (1904), Porter, J., 619; Com. v. Hans, 68 Pa. Superior Ct. 275 (1917), Head, J., 277-8; Com. v. Keegan (No. 1), 70 Pa. Superior Ct. 436 (1918), Trexler, J., 438-9; Com. v. Mazarella, 86 Pa. Superior Ct. 382 (1926), Henderson, J., 384; Com. v. Fedulla, 89 Pa. Superior Ct. 244 (1926), Porter, P. J., 245-6; and Com. v. Sullivan, 91 Pa. Superior Ct. 544 (1927), Porter, P. J., 547.

If illegality of arrest cannot be brought to the front on motion to quash indictment, surely such illegality cannot be raised by the pending application.

The contention of the defendant that a motion in arrest of judgment waives all defects, including those of information, warrant and indictment, is not well founded. In Com. *v.* Bateman, 92 Pa. Superior Ct. 53 (1927), President Judge Porter said, page 56:

"Judgments can only be arrested, in criminal cases, for causes appearing upon the face of the record; . . . The record to be considered consists of the indictment, the plea and issue and verdict. The evidence in the case forms no part of the record . . . ; and hence defects which appear only by aid of evidence cannot be the subject of such a motion." In the case at hand, the information and warrant constitute no part of the record and, therefore, are not to be considered. The illegality charged by the defendant does not appear of record as "record" is defined in Com. *v.* Bateman, *supra.* The motion must be overruled.

And now, this thirteenth day of May, 1929, the motion of the defendant in arrest of judgment and for a new trial is overruled, all the supporting reasons of the motions are dismissed and the defendant is directed to appear for entry of judgment of sentence in Court Room Number One (1) of the Court House at Nine o'clock in the morning (9 A. M.) of next Friday, the seventeenth of this month.

From Aaron S. Swartz, Jr., Norristown, Pa.